IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**OSCAR ANDERBERG, REX CATASUS,**                  **PLAINTIFFS**
**DALLAS HENSLEY, and NICKOLAS JENKIN,**
**Each Individually and On Behalf Of**
**All Others Similarly Situated**


vs.                  No. 1:15-cv-_____


**SITEWISE CORPORATION**                         **DEFENDANT**

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR REPRESENTATIVE ACTION

COME NOW Plaintiffs Oscar Anderberg, Rex Catasus, Dallas Hensley, and

Nickolas Jenkin, each individually and on behalf of all others similarly situated, by and

through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original

Complaint For Representative Action, do hereby state and allege as follows:

**I.**

## PRELIMINARY STATEMENTS

1.      This is an action brought by Plaintiff Oscar Anderberg, Rex Catasus,

Dallas Hensley, and Nickolas Jenkin (collectively, "Plaintiffs"), all named above, each

individually and on behalf of all others similarly situated, against Defendant Sitewise

Corporation. ("Defendant").

2.      Plaintiffs, each individually and on behalf of all others similarly situated,

bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"),

for declaratory judgment, monetary damages, liquidated damages, prejudgment

interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated the overtime premium compensation for the hours in excess of forty hours in a single week that they were/are made to work.

3.      This is a representative action under Section 216 of the FLSA, 29 U.S.C. § 216. Plaintiffs are similarly situated to a larger group of employees who were not paid in accordance with the requirements of the FLSA.

4.      The proposed Section 216 class is composed of all employees who are or were employed by Defendant as meter installation/repair workers within the State of Colorado, who, during the applicable time period, worked/work for Defendant and were/are denied their fundamental rights under applicable federal wage and hour laws.

5.      The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by Plaintiffs and the putative class members.

6.      Plaintiffs have each filed herewith their own written Consent to Join this lawsuit pursuant to Section 216.

7.      This is a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs are members of a class of meter installation/repair workers who were deprived of wages in violation of the Colorado Minimum Wages of Workers Act ("CMWWA"), Colo. Rev. Stat. §§ 8-6-101 et seq.

## II.

## THE PARTIES

### A.  Plaintiffs

8.      Plaintiff Oscar Anderberg is a resident and citizen of Denver, Colorado.

9.      At all times relevant hereto, Anderberg was paid on a piece-rate model for his work of meter installation/repair for Defendant in various locations in Colorado.

10.     Anderberg's dates of employment are as follows: beginning in or around March of 2014 and until lasting until around December of 2014.

11.     In most workweeks, Anderberg worked in excess of 40 hours.

12.     Defendant failed to record all of Anderberg's hours of work and to compensate Anderberg for those hours.

13.     Defendant failed to pay Anderberg overtime premiums for all hours worked in excess of forty per week as required by law.

14.     Plaintiff Rex Catasus is a resident and citizen of Evans, Colorado.

15.     At all times relevant hereto, Catasus was paid on a piece-rate model for his work of meter installation/repair for Defendant in various locations in Colorado.

16.     Defendant employed Catasus as a meter installation/repair worker during the three years prior to the filing of this Complaint.

17.     In most workweeks, Catasus worked in excess of 40 hours.

18.     Defendant failed to record all of Catasus's hours of work and to compensate Catasus for those hours.

19.     Defendant failed to pay Catasus overtime premiums for all hours worked in excess of forty per week as required by law.

20.     Plaintiff Dallas Hensley is a resident and citizen of Harrisonville, Missouri.

21.     At all times relevant hereto, Hensley was paid on a piece-rate model for his work of meter installation/repair for Defendant in various locations in Colorado.

22.    Hensley's dates of employment are as follows: beginning in or around October of 2014 and until lasting until around January of 2015.

23.    In most workweeks, Hensley worked in excess of 40 hours.

24.    Defendant failed to record all of Hensley's hours of work and to compensate Hensley for those hours.

25.    Defendant failed to pay Hensley overtime premiums for all hours worked in excess of forty per week as required by law.

26.    Plaintiff Nickolas Jenkin is a resident and citizen of Denver, Colorado.

27.    At all times relevant hereto, Jenkin was paid on a piece-rate model for his work of meter installation/repair for Defendant in various locations in Colorado.

28.    Jenkin's dates of employment are as follows: beginning in or around September of 2014 and until lasting until February of 2015.

29.    In most workweeks, Jenkin worked in excess of 40 hours.

30.    Defendant failed to record all of Jenkin's hours of work and to compensate Jenkin for those hours.

31.    Defendant failed to pay Jenkin overtime premiums for all hours worked in excess of forty per week as required by law.

## B.  Defendant

32.    Defendant Sitewise Corporation is a privately owned, domestic for-profit corporation, engaged in providing multifaceted oil and gas services throughout the State of Colorado.

33.    Defendant has annual gross revenues exceeding $500,000.00.

34.     Defendant's principal address is 7000 North Broadway, Building Three, Suite 305, Denver, Colorado 80221.

35.     Defendant was at all times relevant hereto Plaintiffs' employer, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

36.     Defendant has as its registered agent for service Lee F. Wilkerson, who is located at 7000 North Broadway, Building Three, Suite 305, Denver, Colorado 80221.

### III.

### JURISDICTION AND VENUE

37.     The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

38.     The acts complained of herein were committed and had their principal effect against Plaintiffs within the District of Colorado; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### IV.

### FACTUAL ALLEGATIONS

39.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

40.     Each Plaintiff was an employee of Defendant within the three years preceding the filing of this Complaint.

41.     Each Plaintiff was employed by Defendant as a meter installation/repair worker having the title "meter technician," "gas fitter," or an equivalent title.

42.     Plaintiffs' primary duties as meter installation/repair workers were to install and repair gas meters.

43.     Defendant pays meter installation/repair workers on an hourly basis during a training period at the beginning of their employment.

44.     Defendant pays meter installation/repair workers on a piece-rate basis after the workers have received their initial training.

45.     Defendant tracked Plaintiffs' hours worked using handwritten timesheets.

46.     It is Defendant's policy or practice to require meter installation/repair workers, including Plaintiffs, to report for work thirty minutes before the start of their scheduled shift, but to write their scheduled start time on their timesheets.

47.     It is Defendant's policy or practice to modify the timesheets of meter installation/repair workers, including Plaintiffs, to reflect fewer hours than the workers actually worked.

48.     Plaintiffs worked over forty hours in most if not all workweeks.

49.     Defendant failed to pay Plaintiffs for their overtime hours worked at the rates required by the FLSA.

## V.

## REPRESENTATIVE ACTION ALLEGATIONS

50.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

51.     Plaintiffs bring their claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as meter installation/repair workers who were, are, or will be

employed by Defendant and were improperly remunerated during weeks in which they worked more than 40 hours at any time within the applicable statute of limitations period.

52.     Plaintiff asserts violations of the FLSA on behalf of all persons who were employed by Defendant as meter installation/repair workers for Defendant's business from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

53.     Plaintiff is unable to state the exact number of the class but believe that the class exceeds 25 persons but is less than 300 persons.

54.     Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

55.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via, among other methods, first class mail to their last known physical and mailing addresses as soon as possible.

56.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

57.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

(a)     Defendant's uniform underpayment to them as meter installation/repair workers for Defendant's business under the FLSA; and

(b)   Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

58.    Plaintiffs bring their claim for relief for violation of the CMWWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all meter installation/repair workers who were, are, or will be employed by Defendant and were improperly remunerated during weeks in which they worked more than 40 hours at any time within the applicable statute of limitations period.

59.    The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least twenty-five (25) and as many as three hundred (300) putative class members have worked for Defendant without appropriate pay, as described herein, during the applicable statutory period.

60.    This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

   (a) The compensability of time spent loading and inspecting work vehicles at the beginning of the workday;

   (b) Whether Plaintiffs and members of the Class worked off the clock;

   (c) Whether Defendant has failed to pay Plaintiffs and members of the Class regular wages and overtime compensation for all of the hours over forty (40) each week;

   (d) Whether Defendant properly calculated the overtime pay owed to Plaintiffs and members of the Class.

61.    This litigation is properly brought as a class action because Plaintiffs' claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein.  Like all Class members, Plaintiffs were injured by Defendant's policies and practices of failure to pay meter installation/repair workers for all the hours worked and failure to pay overtime premiums for all hours worked in excess of forty (40) per week.

62.    Plaintiffs have no interests antagonistic to the interests of the other members of the Class.  Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in class litigation. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

63.    A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

(a) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis;

(b) Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

(c) No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

64.     Plaintiffs are aware of no members of the proposed class who have an interest in individually controlling the prosecution of separate actions; neither are Plaintiffs aware of any other litigation concerning this particular controversy.

65.     Class certification is fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

## VI.

## FIRST CLAIM FOR RELIEF

## (Individual Claim for Violation of FLSA Overtime Wage Violations)

66.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

67.     Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiffs one and one half times their regular rate for all hours worked in excess of forty hours per week during Plaintiffs' employment as described in this Complaint.

68.     Defendant intentionally underpaid each Plaintiff through use of the piece-rate payment scheme.

69.     More often than not, each Plaintiff worked more than forty (40) hours per week without premium overtime pay.

70.     Defendant deprived Plaintiffs of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

71.     Defendant violated the FLSA by failing to pay overtime compensation to Plaintiffs.  The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

72.     Defendant is and has been subject to the overtime pay requirements of the FLSA because it, as an enterprise, and its employees are engaged in commerce.

73.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

74.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

75.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

76.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.

## SECOND CLAIM FOR RELIEF

### (Class Action Claim for Violations of the FLSA Overtime Provisions by Plaintiffs and All Those Similarly Situated Class Members)

77.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

78.     Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiffs and similarly situated members of the class one and one half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

79.     Defendant required Plaintiffs and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiffs and the class members overtime premium compensation for all of the hours in excess of forty (40) in each workweek.

80.     Defendant deprived Plaintiffs and the class members overtime premium compensation for all of the hours over forty (40) per week, in violation of the FLSA.

81.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

82.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' original complaint, plus periods of equitable tolling.

83.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

84.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.

## THIRD CLAIM FOR RELIEF

## (Individual Claim for Violation of the Colorado Minimum Wages of Workers Act)

85.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

86.     Defendant violated the Colorado Minimum Wages of Workers Act ("CMWWA"), Colo. Rev. Stat. §§ 8-6-101 et. seq., by failing to pay Plaintiffs the minimum wages required by the CMWWA for all hours worked.

87.     Defendant has failed and refused to comply with the CMWWA's wage requirements by failing to pay Plaintiffs one and one half times their regular rate for all hours worked in excess of forty hours per week during Plaintiffs' employment as described in this Complaint.

88.     Defendant intentionally underpaid each Plaintiff through use of the piece-rate payment scheme and inaccurate timesheets.

89.    More often than not, each Plaintiff worked more than forty (40) hours per week without premium overtime pay.

90.    Defendant is and has been subject to the overtime pay requirements of the CMWWA because it a corporation employing persons in Colorado.

91.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

92.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, including unpaid wages and reasonable attorney's fees provided by the CMWWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

## IX.

## FOURTH CLAIM FOR RELIEF

## (Class Claim for Violation of the Colorado Minimum Wages of Workers Act)

93.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

94.    Defendant has failed and refused to comply with the CMWWA's wage requirements by failing to pay Plaintiffs and all other members of the Rule 23 class one and one half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

95.    Defendant required Plaintiffs and all other members of the Rule 23 class to work in excess of forty (40) hours each week but failed to pay Plaintiffs and the class members overtime premium compensation for all of the hours in excess of forty (40) in each workweek.

96.    Defendant deprived Plaintiffs and all other members of the Rule 23 class overtime premium compensation for all of the hours over forty (40) per week, in violation of the CMWWA.

97.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

98.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and the class members for monetary damages, including unpaid wages and reasonable attorney's fees provided by the CMWWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' original complaint, plus periods of equitable tolling.

## X.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Oscar Anderberg, Rex Catasus, Dallas Hensley, and Nickolas Jenkin, each individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a)    A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

(b)    A declaratory judgment that Defendant's practices alleged herein violate the Colorado Minimum Wages of Workers Act ("CMWWA"), Colo. Rev. Stat. §§ 8-6-101 ,*et. seq.*

(c)     Judgment for damages for all unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*

(d)     Judgment for damages for all unpaid overtime and minimum wage compensation under the Colorado Minimum Wages of Workers Act ("CMWWA"), Colo. Rev. Stat. §§ 8-6-101, *et. seq.*

(e)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period.

(f)     Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled.

(g)     An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action.

(h)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**OSCAR ANDERBERG, REX CATASUS, DALLAS HENSLEY, and NICKOLAS JENKIN, Each Individually and On Behalf Of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:  _____

Josh Sanford
Col. Bar No. 44358
Josh@sanfordlawfirm.com