IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 15-cv-00501-CBS

OSCAR ANDERBERG,
REX CATASUS,
DALLAS HENSLEY, and
NICKOLAS JENKIN, Each Individually and on Behalf of all Others Similarly Situated,
    Plaintiffs,
v.

SITEWISE CORPORATION,
    Defendant.

---

ORDER GRANTING UNOPPOSED MOTION FOR
CERTIFICATION OF COLLECTIVE ACTION

---

This civil action comes before the court on the parties' "Unopposed Motion for Certification of Collective Action, for Disclosure of Potential Opt-In Plaintiffs' Contact Information, and Court-Approved Notices." Defendant Sitewise Corporation is a privately-owned, domestic for-profit corporation, that provides oil and gas services throughout the State of Colorado. Plaintiffs and putative collective action members worked for Defendant as Gas Meter Technicians, installing gas meters. This civil action, filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.,* and the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101, *et seq.,* alleges that Defendant applied a policy and practice of failing to pay overtime premium compensation for hours worked in excess of forty hours in a single week and seeks declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties, and costs, including reasonable attorney fees. The court having reviewed the Motion, the entire case file, and the hearings held on June 15, 2015, May 18, 2015, and May 7, 2015 (*See* Courtroom Minutes/Minute Orders (Docs. # 26, # 22, # 17)) and being sufficiently advised in the premises,

IT IS ORDERED that:

1.  The Unopposed Motion (Doc. # 23, filed June 1, 2015) is GRANTED. Pursuant to 29 U.S.C. § 216(b), the court conditionally certifies a collective action as to the following two classes of persons:

>   a. All current and former employees of Defendant who worked as Gas Meter Technicians for Defendant at any time from March 10, 2012, through the present who were hired directly by Defendant (the "direct hire class"); and
>   b. All current and former employees of Defendant who worked as Gas Meter Technicians for Defendant at any time from March 10, 2012, through the present who worked through a temporary employment agency (the "temp class").

2.  The "Notice of Right to Join Lawsuit," the "Consent to Join Collective Action," and the "Postcard" attached to the Motion (Docs. # 23-1, # 23-2, # 23-3) are approved.

3.  The sending of the "Notice of Right to Join Lawsuit," the "Consent to Join Collective Action," and the "Postcard", along with a copy of the most recent complaint filed to all members of the collective action is authorized. Plaintiffs' counsel may send a Postcard to any class members who have not responded within thirty (30) days after the mailing of the initial Notice.

4.  On or before July 6, 2015, Defendant shall provide in an electronic format all contact information of any putative collective action member who was employed by Defendant, whether directly or through an agency, any time after March 10, 2012. Such information shall include: (1) the full names of each and every putative collective action member employee who worked for Defendant any time after March 10, 2012, including any aliases they may have used or now use; (2) the last known home, work, and email addresses of each putative collective action member employee; and (3) the last date(s) of employment of each putative collective action member employee.

5.  Where putative collective action members have current addresses or phone numbers that differ from those in Defendant's records, Plaintiffs' counsel may pursue alternative

methods of locating putative collective action members, such as email, telephone, or other contact information that may be provided by Plaintiffs and other putative collective action members.

6. Any contact by Plaintiffs' counsel with putative collective action members shall be limited to providing the Notice, Consent to Join, and a copy of the most current complaint filed or, where necessary, to a brief introduction of Plaintiffs' counsel, the reason for such contact, and a request for address, email address, or other manner by which the Notice, Consent to Join, and most current copy of the complaint may be provided.

7. On or before October 6, 2015, Plaintiffs' counsel shall file opt-in consent forms with the court.

DATED at Denver, Colorado, this 17th day of June, 2015.

BY THE COURT:

   s/Craig B. Shaffer         
United States Magistrate Judge