IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Shaffer

Civil Action No. 15-cv-00501-CBS

OSCAR ANDERBERG,
REX CATASUS,
DALLAS HENSLEY,
ZACHARY HETRICK
RYAN HOFFMAN
NICKOLAS JENKIN,
CODY THOMAS LONGANETTI,
RORY AARON MOORE,
ISAAC DELACORIX PEREZ,
JOHN EDWARD RIVERA,
DANIEL G. SIERRA,
SCOTT MICHAEL WARD,
          Plaintiffs,

v.

SITEWISE CORPORATION,
          Defendant.
_____

ORDER REGARDING DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
AND DISMISSAL OF OPT-IN PLAINTIFF DANIEL SIERRA'S CLAIMS[1]
_____

        This matter comes before the court on Defendant Sitewise's Motion for Discovery

Sanctions and Dismissal of Opt-in Plaintiff Daniel Sierra's Claims.   Sitewise seeks an

order dismissing Plaintiff Sierra's claims as a sanction for failure to provide verified

responses to written discovery, failure to respond to Defendants' efforts to schedule his

deposition, and failure to prosecute.   The court has reviewed the Motion, the hearings

held on May 7, 2015, May 18, 2015, June 15, 2015, October 1, 2015, December 18,

_____
[1] Pursuant to the Joint Status Report filed on February 26, 2016 (Doc. # 44), Defendant
withdrew its Motion as to Plaintiff Ryan Hoffman.

2015, February 1, 2016, February 12, 2016, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.     Procedural Background

Plaintiffs initiated this action on March 10, 2015 for alleged unpaid wages and overtime.   The court granted the parties' Unopposed Motion for Certification of Collective Action on June 17, 2015.   (*See* Docs. # 27, # 23).   Mr. Sierra filed his Notice of Consent to Join this action on July 20, 2015.   (*See* Doc. # 30).   Sitewise served written discovery on Mr. Sierra on September 11, 2015.   While Mr. Sierra's counsel submitted unverified written responses, Mr. Sierra has never provided a verified response.   (*See* Exhibit B to Motion (Doc. # 39-2)).   With the cooperation of Plaintiffs' counsel, Sitewise noticed all of the Plaintiffs' depositions for the week of November 9, 2015.   (*See* Doc. # 36).   Plaintiffs' counsel was unable to contact Mr. Sierra by phone, email, or U.S. mail and Mr. Sierra has not made himself available for a deposition. (*See* Exhibits C and D to Motion (Docs. # 39-3, # 39-4)).

Defendant moves pursuant to Fed. R. Civ. P. 37 to dismiss with prejudice all claims asserted by Mr. Sierra in this case, based on his failure to comply with the Federal Rules of Civil Procedure governing discovery.   The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible."   *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958).   It is within the court's discretion to dismiss a case as a sanction for a plaintiff's failure to comply with her obligations as a plaintiff in a civil action.   *See, e.g., Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992).   By

2

failing to provide verified responses to Defendants' discovery requests and to respond to Defendants' efforts to schedule his deposition, Mr. Sierra has failed to permit effective discovery and thwarted the purpose of discovery.   *See Green v. Chatillon & Sons*, 188 F.R.D. 422, 425 (M.D. N.C. 1998) (dismissing the plaintiff's case with prejudice under Rule 37(b) for failure to provide responses to defendant's discovery requests).   Rule 37 also authorizes a court to impose sanctions if "a party fails . . . , after being served with proper notice, to appear for that person's deposition."   Fed. R. Civ. P. 37(d)(1)(A)(i). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."   Fed. R. Civ. P. 37(d)(3).   Sanctions may include "dismissing the action or proceeding in whole or in part."   Fed. R. Civ. P. 37(b)(2)(A)(v).

Defendant also moves pursuant to Fed. R. Civ. P. 41(b) to dismiss all claims asserted by Mr. Sierra for failure to prosecute.   Fed. R. Civ. P. 41(b) authorizes the court to dismiss an action for failure of a plaintiff to prosecute his claims or comply with the Federal Rules of Civil Procedure.   *See also AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal quotation marks and citation omitted);   *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute . . . .").

The Tenth Circuit Court of Appeals applies "a framework of five factors, evaluated on the record, that should ordinarily be considered by a trial court before imposing a sanction of dismissal: (1) the degree of actual prejudice to the defendant; (2)

the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Freddie v. Marten Transport, Ltd.*, No. 10-2094, 2011 WL 2438655, at *2 (10th Cir. June 20, 2011) (citing *Ehrenhaus*, 965 F.2d at 920–21 (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). "[T]hese factors are not a rigid test, and . . . determining the correct sanction is a fact specific inquiry that the district court is in the best position to make." *Id.* (internal quotation marks and citation omitted). *See Gripe v. City of Enid, Oklahoma*, 312 F.3d 1184, 1187 (10th Cir.2002) ("dismissal as a sanction under Rules 16(f) and 37(b)(2)(C) should ordinarily be evaluated under" *Ehrenhaus* factors); *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir.1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria."). "Dismissal is warranted where the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ramon v. City and County of Denver*, No. 08–cv–00433–CMA–KMT, 2011 WL 222319, *2 (D. Colo. Jan.21, 2011) (quoting *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007)). Applying the factors to this case, the court concludes that dismissal is an appropriate sanction.

First, Mr. Sierra's noncompliance with discovery has caused actual prejudice to Defendant's ability to defend. Defendant has been prejudiced by his failure to serve verified responses to written discovery and failure to respond to efforts to schedule his

4

deposition.   By the denial of Mr. Sierra's evidence, Defendant has been prejudiced in the filing of dispositive motions, in preparing for a trial, and in obtaining prompt adjudication of the claims against them.   Mr. Sierra's noncooperation has caused Defendant to expend time and money attempting to confer concerning outstanding discovery and filing its motion for dismissal as a sanction.   Mr. Sierra's omissions would continue to cause Defendant to incur expenses to independently verify his discovery responses.   Such prejudice is sufficient to justify dismissal under Rules 37 and 41. *See Ramon*, 2011 WL 222319 at *2 (plaintiff's failure to respond to discovery and submit to a deposition prejudiced defendants by preventing them from obtaining information necessary to defend the action or timely assert a dispositive motion and causing them to spend needless time and expense in preparing written discovery, attempting to obtain responses to discovery, attending a hearing on a motion to compel, and filing a motion to dismiss as a sanction);   *Gomez v. Dillon Companies, Inc.*, No. 09–cv–00676–REB–KLM, 2010 WL 1644610, at * 3 (D. Colo. Apr. 22, 2010) (delay and expense caused by plaintiff's failures that blocked defendant's ability to conduct complete discovery, delayed the resolution of the case, and forced defendant to incur significant attorney fees and costs in an effort to obtain discovery satisfied the first factor);   *Armstrong v. Swanson*, No. 08–cv–00194– MSK–MEH, 2009 WL 1938793, *4 (D.Colo. July 2, 2009) (finding "significant prejudice" to defendants where plaintiff failed to respond to communications and participate in discovery, which prolonged the litigation and deprived the defendants "of a prompt opportunity to have the claims against them adjudicated").   This first factor heavily weighs in favor of dismissal.

5

Second, Mr. Sierra's noncooperation has interfered with the judicial process. The court has held seven hearings to monitor the progress of this case. *See* Courtroom Minutes/Minute Orders (Doc. # 17, # 22, # 26, # 35, # 37, # 41, # 43). Mr. Sierra's conduct has impaired the court's ability to ensure compliance with the Federal Rules of Civil Procedure and the Local Rules for the District Court for the District of Colorado and "hindered the court's management of its docket and its effort to avoid unnecessary burdens on the court and the opposing party." *Mobley v. McCormick*, 160 F.R.D. 599, 601 (D. Colo. 1995) (internal quotation marks and citation omitted). *See also Gomez*, 2010 WL 1644610, at * 3 ("Progress toward the resolution of [the] case has been brought to a standstill" by plaintiff's delinquent conduct.); *Armstrong*, 2009 WL 1938793, at *4 (finding prejudice to the judicial system where plaintiff's neglect forced the Magistrate Judge to adjudicate a motion to compel, issue an Order to Show Cause, and entertain several motions to extend deadlines as a result of plaintiff's failure to participate in discovery). The second factor also heavily weighs in favor of dismissal.

Third, the record is clear that Mr. Sierra is responsible for failing to comply with his obligations in this litigation. He has not communicated that his noncompliance with the rules of this court was inadvertent due to an inability to comply. *See Armstrong*, 2009 WL 1938793 at *4 (finding plaintiff culpable when nothing in the record indicated external forces were to blame for plaintiff's failure to prosecute). He was notified of his obligations and did not request any extension, demonstrate any need for an extension, or offer any acceptable explanation for his non-compliance. In 1970, Rule 37(d) was amended to expressly to eliminate any requirement that the failure to appear or respond

6

be "willful," thus "even a negligent failure should come within Rule 37(d)." Notes of Advisory Committee on Rules, Rule 37, 1970 Amendment, Subdivision (d). Nevertheless, the record supports a finding that Mr. Sierra's noncompliance with the rules of this court was willful. *See M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872–73 (10th Cir.1987) (A willful failure is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.") (internal quotation marks and citation omitted). The third factor also heavily weighs in favor of dismissal.

Fourth, Mr. Sierra was adequately notified that dismissal is a possible sanction for noncompliance with local or federal procedural rules. "The Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves." *Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987). Defendant's motion for discovery sanctions and dismissal also constitutes notice of potential dismissal. *See Smith v. City and County of Denver*, 2009 WL 485163, *3 (D.Colo. 2009) (finding defendants' warning to plaintiff in their motion to dismiss was adequate). *See also Gross v. General Motors LLC*, No. 08–3236, 441 F. App'x 562, 565 (10th Cir. Oct.6, 2011) (constructive notice sufficient to satisfy the notice element of the *Ehrenhaus* factors). The fourth factor also weighs in favor of dismissal.

Finally, the court concludes that there is no lesser sanction that is appropriate under the circumstances. "[T]he imposition of lesser sanctions is not mandatory." *Hobratschk v. Perretta*, 2000 WL 313530, *2 (10th Cir.2000) (internal quotations marks and citation omitted). It is highly unlikely that a monetary sanction will have any effect. It would be pointless to impose any lesser sanction on Mr. Sierra, who has repeatedly

failed to comply with the rules of the court, failed to communicate with his counsel, and failed to advance this case.  *See Armstrong*, 2009 WL 1938793 at *5 (finding lesser sanctions are insufficient where plaintiff repeatedly failed to comply with discovery obligations).The fifth factor also weighs in favor of dismissal of Mr. Sierra's claims.

Accordingly, IT IS ORDERED that:

1.      Defendant Sitewise's Motion for Discovery Sanctions and Dismissal of Opt-in Plaintiff Daniel Sierra's Claims (filed January 19, 2016) (Doc. # 39) is GRANTED.

2.      Mr. Sierra's claims are dismissed with prejudice for failure to serve verified responses to written discovery, failure to respond to Defendants' efforts to schedule his deposition, failure to comply with the Federal Rules of Civil Procedure and the Local Rules for the District Court for the District of Colorado, and failure to prosecute.

3.      Defendant and the remaining eleven Plaintiffs shall submit their stipulated motions to dismiss on or before April 15, 2016.

DATED at Denver, Colorado this 21st day of March, 2016.

BY THE COURT:


_____s/ Craig B. Shaffer_____
United States Magistrate Judge